No. ——

First Circuit

---

## PELLETIER v. STANDARD OIL COMPANY OF LOUISIANA

(April 1, 1926. Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625, 637.

The finding of the trial court as to a matter of fact namely, the value of services of one who made an abstract of title being clearly inadequate is increased.

Appeal from the Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

Action by Harvey Pelletier against Standard Oil Company of Louisiana. There was judgment for plaintiff and defendant appealed.

Judgment affirmed and increased.

Fred G. Benton, of Baton Rouge, attorney for plaintiff, appellee.

Hunter C. Leake, Lemle, Moreno and Lemle, of New Orleans, attorneys for defendant, appellant.

MOUTON, J. Plaintiff, an attorney of Thibodaux, was employed by H. Burgard, agent of defendant, to make an abstract of title for two plantations in the Parish of Lafourche, one known as the Raceland Plantation and the other as the Beattie property. The abstracts were made and were accepted by defendant company which plaintiff sues in the sum of $750.00 for services rendered. He appeals from a judgment rendered in his favor for $270.00 with legal interest from judicial demand.

Mr. P. J. Aucoin, an abstractor, was engaged by plaintiff to assist him to make the abstracts. Mr. Aucoin testified that his work on the abstracts was somewhat irregular; that most of his work was from 7 to 9 in the morning, and in the evening from 10 to 11 o'clock, which he says was nearly every day. He says, some ten, twelve or fifteen days were taken to complete the abstracts. Evidently, these were not full days as his testimony indicates that about six hours a day were given to the actual work performed.

The evidence shows that plaintiff was employed to make these abstracts, and was not burdened with the responsibility of

passing on the validity of the titles, though the work done by him was somewhat exacting, and required care and diligence, it demanded no particular knowledge, technical skill or professional qualifications. His work was largely clerical and no element of value enters into his claim because of weighty responsibilities devolving upon him. It is true that the Raceland Plantation is valued at $500,000.00 and the Beattie property at $250,000.00, but this fact did not burden plaintiff with any particular responsibility, as he was required only to make accurate abstracts which were to be examined, approved and accepted by the attorneys of the company upon whom rested the duty of passing on the validity of the titles.

Counsel for defendant company contend that the company's purpose was to obtain the abstracts with a view of purchasing only small fractions of these properties for the erection of filling stations, and that plaintiff's claim should be proportionate to the value of the property which was intended to be acquired. The testimony of Buslog, witness for defendant, makes it plain that this would be no reason for any difference in the price or charge for the abstracts. Of this there can be no doubt as it was absolutely necessary for plaintiff to make abstracts of the properties as a whole for the purpose of ascertaining the validity of the titles for the portions however small which the company intended to buy. Plaintiff is therefore entitled to recover for the abstracts for the two plantations for the reasons above stated, and for the additional reason that when he was employed he was not apprised in any manner whatsoever that the company wanted to acquire only a small fraction of these properties. Lawyers and abstractors were sworn to make an estimate of the value of the services rendered by plaintiff. The record shows a wide variance or divergence in their respective estimates which range from the amount of $270.00 allowed by the district judge to a sum in excess of the amount claimed by plaintiff. These divergent appraisals leaves the question as to the real value of plaintiff's services much in doubt. After a careful examination of the record, and proper consideration of the time taken by plaintiff and his associate in making these abstracts, also the character of the services rendered, we think plaintiff should have judgment in the sum of $350.00 instead of $270.00 allowed below.

It is therefore ordered, adjudged and decreed, that the judgment in favor of plaintiff be increased to the sum of Three Hundred and Fifty ($350.00) Dollars; and as thus amended it be affirmed with cost. Defendant and appellee to pay cost of appeal.